THE SINGER MANUFACTURING CO. v. BILLINGS ET AL.

1. **Pleading:** EVIDENCE. The allegations of a pleading which are not answered or denied are to be taken as true, and evidence tending to controvert them is not admissible.

2. ——: ——: JUDGMENT. If such evidence be erroneously admitted, it is nevertheless the duty of the court, under Sec. 2859 of the Code, to render judgment in accordance with the admissions of the pleadings.

*Appeal from Butler Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION upon a bond given by the defendant, Henrietta Billings, who had been appointed the agent of plaintiff for the sale of sewing machines, as principal, and her co-defendants, as sureties. The bond was conditioned to account for all machines, materials, etc., and pay all notes given and indorsed by her, the agent. The breach assigned was a failure to pay one note for $52.50. Answer denying the signature, and verified. Plaintiff amended the petition, and added a count for one machine furnished, worth $52.50, and asked judgment only on one of the counts; and on the same day an order was made that the defendants answer the petition within thirty days. No answer was ever filed. Trial to the court in August, 1873. Judgment for defendants. Plaintiff appeals.

*H. C. Hemenway*, for appellant.

*A. Converse*, for appellees.

COLE, J.—Upon the trial the plaintiff introduced and read in evidence the deposition of a witness, who testified that plaintiff sold one machine to the defendant, Henrietta Billings, at the price of eighty-eight dollars; that subsequently, and on August 21, 1868, the plaintiff delivered to said defendant one machine under the contract with her as agent, of the value of fifty-two dollars and fifty cents, and received her note for it, which is the note in suit, and that her signature thereto is genuine, and was made in his presence. The plaintiff then offered in evidence a signature of the defendant, Henrietta Billings, admitted to be genuine, and the note in suit, and rested.

The defendants then introduced Henrietta Billings as a witness, and she testified that she never signed the note in suit. She was then asked by defendants' counsel as to the number of machines she had received from plaintiff. To this the plaintiff objected, because it was contrary to the admissions, and was immaterial under the issues. The objection was overruled, and excepted to, and witness answered: "I never purchased but one machine; I paid eighty-eight dollars for it; my mother and Earl Billings were present, and I gave no note for it." Earl Billings then testified that he was present when the machine was purchased at eighty-eight dollars, and it was then paid for. Upon this the court found for defendants.

There was no denial or answer whatever to the amendments of the amended petition, which distinctly alleged the delivery of the machine of the value of fifty-two dollars and fifty cents, to the defendant, and that she had not accounted therefor. It is provided by our statute, Rev. of 1860: "Sec. 2917. Every material allegation of the petition not controverted by the answer, * * * * must, for the purpose of the action, be taken as true, * * * * " See Code of 1873, Sec. 2712. Under this statute, and the issues as made by the pleadings, the plaintiff's objections

1. PLEADING: evidence.

should have been sustained, and the evidence excluded. And under Rev. § 3130, it was the duty of the court to render ──:──. judgment for the plaintiff for fifty-two dollars and fifty cents, notwithstanding the evidence. That section is as follows: " When, by the statements of the plead-·· ings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party. * * * * * " See Code of 1873, Sec. 2859. The cause will be remanded with instructions to now so enter such judgment.

*2.──:──. judgment.*

REVERSED.